IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

JAMES SMITH,

       Defendant.

Criminal No. 07-184
ELECTRONICALLY FILED

## MEMORANDUM ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 89)

Pending before this Court is Defendant James Smith's Motion for Early Termination of Supervised Release, (Doc. 89), and the Government's Response in Opposition thereto (Doc. 92). After careful consideration, Defendant's Motion is DENIED.

On September 12, 2008, this Court sentenced Defendant to 96 months imprisonment and 20 years supervised release after having pled guilty to a two count Indictment charging distribution of material depicting the sexual abuse of a minor, and receipt of material depicting the sexual abuse of children in violation of 18 U.S.C. § 2252(a)(2). Id.  The sentencing guideline range in this case was 87 to 108 months imprisonment, and up to a lifetime of supervised release.

By way of Defendant's Motion for Early Termination of Supervised Release, Defendant seeks early termination of his 20-year term of supervised release based upon his conduct since his release from prison in the 10 plus years he has served his term of supervised release.  (*Id*.). Defendant cites his gainful employment, the stability of his mental health and his continued

sobriety, and attaches numerous letters of support from friends, family, associates and his employer. Doc. 89-1.

A court may, under specific conditions, terminate a term of supervised release prior to the expiration of that term. 18 U.S.C. § 3583(e). The statute governing early termination of supervised release reads as follows:

> Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C.A. § 3583(e).

As this Court has stated, under the appropriate standard of review, Defendant "bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." *United States v. Duddy*, No. 10-0092, *quoting United States v. Williams*, No. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006). "New or changed circumstances are not required to grant relief. However, when a sentence is "'sufficient, but not greater than necessary' when first pronounced," a motion for early termination should provide some justification for a change in the sentence that was originally imposed. *United States v. Duncan, No. CR 16-274, 2022 WL 2755349, at *2 (E.D. Pa. July 14, 2022)* (internal citations omitted).

Having reviewed Defendant's Motion, and the Government's response in opposition thereto, (Doc. 92), and having considered each of the factors set forth in 18 U.S.C. §§

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as required by 18 U.S.C. § 3583(e), the Court finds as follows.

Although Defendant's conduct while on supervised release and his reintegration into society is to be commended, early termination of Defendant's 20-year term of supervised release (just over halfway through), is not warranted based upon the very serious and troubling nature of the criminal conduct of Defendant, and the interest of justice. *See also U.S. v. De Jesus*, Crim. No. 13-252, 2021 WL 396739, at *4 (W.D. Pa. Feb. 4, 2021) (denying motion for early termination of supervised release, where the defendant's conduct on supervised release was commendable because "considering the foregoing § 3553(a) analysis, especially the serious nature of his crime, the need to deter criminal conduct, and the variance in the term of imprisonment granted to him at the time of sentencing, the interests of justice are best served by him completing his term of supervised release.").

The facts of Defendant's case – both at the time of sentencing and today – provide a viable basis for the imposition of the standard and special conditions of supervised release ordered by this Court, including the travel restrictions, of which Defendant now complains. This Court reiterates that Defendant is not prohibited from visiting his out of state daughter, only that he has well-founded restrictions on his travel, which merely require prior approval for travel by the United States Probation Office. While perhaps cumbersome for Defendant, the nature and circumstances of his criminal conduct compel this restriction.

Therefore, for these reasons, Defendant shall complete the 20-year term of supervised release originally ordered by this Court, and Defendant's Motion for Early Termination of Supervised Release (Doc. 89) is DENIED.

        SO ORDERED this 12th day of August, 2025.

        s/Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    All Registered ECF Counsel of Record